UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| MAURICE MUHAMMAD, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 5:18-cv-02647 |
| | : | |
| PENNSYLVANIA DEPARTMENT OF | : | |
| EDUCATION; | : | |
| SIEGFRIED ELEMENTARY SCHOOL | : | |
| NORTHAMPTON PA; | : | |
| RENEA SALITT, *(School Administrator)* | : | |
| *Principal*;[1] | : | |
| CYNTHIA CORA HOCH SNYDER, | : | |
| *(School Admin 2nd Gr Teacher)*;[2] | : | |
| JOSEPH S. KOVALCHIK, *(Super* | : | |
| *Intendant)*; | : | |
| SCHOOL COUNSELORS; | : | |
| BLAKE LAST NAME UNKNOWN, | : | |
| *(Student)*; and | : | |
| PARENTS OF BLAKE STUDENT, | : | |
| *(Unknown)*, | : | |
| Defendants. | : | |

# O P I N I O N

**Defendants' Motion to Dismiss, ECF No. 11—Granted in Part and Denied in Part**
**Plaintiff's Motion for Extension of Time and Appointment of Counsel, ECF No. 14—**
**Granted in Part and Denied in Part**

**Joseph F. Leeson, Jr.**                                                                      **April 10, 2019**
**United States District Judge**

## I. INTRODUCTION

A grandfather to an elementary school child, has brought this action pro se against his

granddaughter's school, the Pennsylvania Department of Education, school employees, a fellow

---

[1]     The correct spelling of this Defendant's name is Renee Sallit.
[2]     The correct spelling of these two Defendants' names are Cynthia Hoch and Cora Snyder.

student, and the parents of that student based on "harassment," "intimidation," and "threats" towards his granddaughter. The complaint appears to allege a general claim for civil rights violations. The school employees have moved to dismiss the complaint for a variety of reasons or, in the alternative, for the affidavits of service to be quashed or for a more definite statement. Unrelated to the school employees' motion, the grandfather has moved for an extension of time to serve the school and the Pennsylvania Department of Education and for appointment of counsel. For the reasons set forth below, school employees' motion to dismiss is granted in part and denied in part and the grandfather's motion is granted in part and denied in part.

## II. BACKGROUND[3]

### A. Factual Background

Plaintiff filed this civil action using the general, non-prisoner, pro se form complaint provided by the Eastern District of Pennsylvania through its website. He alleges the events giving rise to his claims occurred at the Siegfried Elementary School in Northampton, Pennsylvania, from September 1, 2017, to October 1, 2017.[4] Plaintiff's complaint does not identify the basis for the Court's jurisdiction or enumerate a specific cause of action against Defendants. The entirety of Plaintiff's factual allegations are as follows:

> The above defendants did willfully Deny [sic] My [sic] Grandaughter [sic] ZP the right to peaceful and safe Learning [sic] Enviornment, [sic] by allowing for another student to, to [sic] continue to harass threaten, and intimidate ZP after repeated attempts to resolve the problem, race being a major factor, because of her race ZP was not taken as serious and not considered as others Involved [sic] were, ZP was

---

[3] The background information in this section is taken from the complaint and is set forth as if true solely for the purpose of analyzing the pending motion to dismiss. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

[4] Plaintiff states in his complaint that the events giving rise to his claims occurred between September and October 2018 even though he filed his complaint in June 2018. The Court therefore assumes Plaintiff meant to allege the events took place between September and October 2017.

> Traumatized [sic] by the event It [sic] caused her to be punished by her mother, which led to Children [sic] in youth being involved, we have had to take cust. [sic] To prevent further harm from happening [sic]
>
> [Renee Sallit] was informed and did not act in a manner to protect ZP [sic] Cynthia Hoch did not Protect [sic] ZP from said student Blake last name unknown, the super intendant [sic] did nothing to protect the black student from the threats of a white student who touched her inappropriatly, [sic] and made her faerfull [sic]for her life, [sic]
>
> Further the school councelers [sic] did not do they [sic] part in the matter
>
> another [sic] 2nd Grade [sic] student witnessed the student blake [sic]strike student ZP with a book bag and Teacher [sic] brushed it off as Quote: [sic] (That student will say yes to anything if asked) [sic]

Compl. 3, ECF No. 2.

### B. Procedural Background

On June 22, 2018, Plaintiff filed his complaint, an application to proceed *in forma pauperis*, and a motion to appoint counsel. On June 28, 2018, the Court denied his motion to proceed *in forma pauperis* and directed him to complete the non-prisoner application to proceed *in forma pauperis* or pay $400.00 to the Clerk of Court. Plaintiff paid the filing fee and summonses were issued and handed to Plaintiff on July 9, 2018. The Court denied Plaintiff's motion to appoint counsel without prejudice on August 14, 2018.

On September 10, 2018, the Clerk of Court issued a notice to Plaintiff regarding the absence of proof of service on the Court's docket. The notice directed Plaintiff to promptly file proof of service pursuant to Federal Rule of Civil Procedure 4 or to promptly serve Defendants and file proof of service with the Clerk of Court. Seven days later, on September 17, 2018, Plaintiff filed Affidavits of Service purporting to have served personally Renee Sallit, the Pennsylvania Department of Education, Siegfried Elementary School, Joseph S. Kovalchick, and Cyntihia Cora Hoch Snyder. Defendants Renee Sallit, Cynthia Hoch, Cora Snyder, Joseph S. Kovalchik, and the unidentified School Counselors ("Movant Defendants") moved to dismiss the

complaint or, in the alternative, for the affidavits of service to be quashed or for a more definite statement on October 26, 2018. Plaintiff did not respond to this motion and on November 20, 2018, the Court directed Plaintiff to file a response in opposition to the motion no later than December 5, 2018. Plaintiff did not comply with that Order and no response was filed.

On November 8, 2018, the Court also directed Plaintiff to properly serve Siegfried Elementary School and the Pennsylvania Department of Education pursuant to Federal Rule of Civil Procedure 4 and file proof of service for those entities within 30 days. The Court warned Plaintiff that failure to comply with the Order may result in the Court dismissing claims against Siegfried Elementary School and the Pennsylvania Department of Education pursuant to Federal Rule of Civil Procedure 4(m). Three days after the 30-day period had passed, Plaintiff requested: (1) an extension of time to serve Siegfried Elementary School and the Pennsylvania Department of Education and (2) appointment of counsel.

## III. LEGAL STANDARDS

### A. Rule 12(b)(5) Motion to Dismiss for Improper Service

Federal Rule of Civil Procedure 12(b)(5) allows a court to dismiss a complaint for "insufficient service of process." Fed. R. Civ. P. 12(b)(5). The party making the service and asserting its validity bears the burden of demonstrating that service was proper. *Grand Entm't Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993). *See also White v. Green*, No. 09-cv-1219, 2009 U.S. Dist. LEXIS 92999, at *2 (E.D. Pa. Oct. 6, 2009) ("In resolving a motion under Rule 12(b)(5), the party making the service has the burden of demonstrating its validity when an objection to service has been made.") (quotation omitted), *aff'd*, 382 F. App'x 199 (3d Cir. 2010).

**B. Pleadings of Pro Se Litigants**

Pro se litigants are entitled to review under a less stringent standard than those represented by a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hartmann v. Carroll*, 492 F.3d 478, 482 n.8 (3d Cir. 2007). "[A] pro se complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines*, 404 U.S. at 520-21)); *see also Bailey v. City of Phila.*, 374 F. App'x 305, 306 (3d Cir. 2010) ("A complaint by a pro se litigant is held to less stringent standards than one prepared by a lawyer."); *Hartmann*, 492 F.3d at 482 n.8 ("[W]e bear in mind that pro se filings are to be construed liberally."). A pro se complaint should be dismissed only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521; *see also McDowell v. Del. State Police*, 88 F.3d 188, 189 (3d Cir. 1996). While courts give greater leeway to pro se litigants and are flexible when applying procedural rules to pro se litigants, there are limits to the flexibility and pro se litigants must still comply with the same procedural rules that apply to all other litigants. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013); *see also Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (explaining that courts have an obligation "to make reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training").

**IV. ANALYSIS**

**A. Movant Defendants' Motion**

The Movant Defendants move to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6). In the alternative they move for the affidavits of service to be quashed or for the Court to order a more definite statement pursuant to Federal Rule

of Civil Procedure 12(e). Before considering the adequacy of Plaintiff's allegations for purposes of deciding the Federal Rule of Civil Procedure 12(b)(6) challenge, the Court must first address the Movant Defendants' motion under Federal Rule of Civil Procedure 12(b)(5) raising insufficient service of process. Because Plaintiff has failed to properly serve the Movant Defendants, the Court has no jurisdiction over them and the case may not proceed against them. The Court will deny the Movant Defendants' motion to dismiss the complaint for insufficient service of process but will quash Plaintiff's Affidavits of Service, and direct Plaintiff to effect service of the summons and complaint on each of the Movant Defendants in accordance with the Federal Rules of Civil Procedure no later than May 15, 2019.

"A court obtains personal jurisdiction over the parties when the complaint and summons are properly served upon the defendant." *Lampe v. Xouth, Inc.*, 952 F.2d 697, 701 (3d Cir. 1991). "A court has no jurisdiction over a defendant who has not been properly served." *United States ex rel. Thomas v. Siemens AG*, 708 F. Supp. 2d 505, 516 (E.D. Pa. 2010) (citing *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 347 (1999) ("In the absence of such service (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant.")); *see also Lampe*, 952 F.2d at 700 (citing *Ins. Corp. of Ir. v. Compagnie Des Bauxites De Guinee*, 456 U.S. 694, 702 (1982)) ("It is an elementary requirement that personal jurisdiction must be established in every case before a court has power to render any judgment."). Consequently, if Plaintiff has failed to properly serve the Movant Defendants, the Court has no jurisdiction over them, and the case may not proceed against them. *See Lampe*, 952 F.2d at 700-01 ("Effective service of process is therefore a prerequisite to proceeding further in a case."). Where service is not proper, the Court has broad discretion to dismiss the case or retain the case but quash service. *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992). When there is

6
041019

a "reasonable prospect" that service may be obtained, dismissal of the complaint is "inappropriate." *Id.*

Courts liberally construe the pleadings and the complaints of pro se plaintiffs and grant pro se litigants some degree of leniency, *see Erickson*, 551 U.S. at 94, but, pro se plaintiffs must still comply with the same rules of procedure and the substantive law required by counseled parties, *see McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). Reflecting the Supreme Court's guidance on this matter, the United States Court of Appeals for the Third Circuit has dismissed pro se complaints where the plaintiff fails to abide by the Federal Rules. *See Ideen v. Straub*, 613 F. App'x 117, 119 (3d Cir. 2015); *Mathies v. Silver*, 266 F. App'x 138, 140 (3d Cir. 2008); *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 570 (3d Cir. 1996); *see also Mala*, 704 F.3d at 245 (explaining that pro se litigants "still must serve process on the correct defendants").

Under Federal Rule of Civil Procedure 4(c), a plaintiff must serve each defendant with the summons and a copy of the complaint by any person who is at least 18 years old and not a party. Fed. R. Civ. P. 4(c)(1)-(2); *see also Kornea v. J.S.D. Mgmt.*, 336 F. Supp. 3d 505, 510 (E.D. Pa. 2018) ("There is no exception for [the rule requiring service of original process to be accomplished by an adult who is not a party to the action] for service effectuated via mail or when the Plaintiff is pro se."). Service of process also must be effected within 90 days of filing a complaint. Fed. R. Civ. P. 4(m). "[T]he party asserting the validity of service bears the burden of proof on that issue." *Grand Entm't Grp.*, 988 F.2d at 488. Pro se plaintiffs are responsible for timely effecting service of summonses and complaints on defendants because "[a]t the end of the day, they cannot flout procedural rules—they must abide by the same rules that apply to all other

litigants." *Mala*, 704 F.3d at 245. Without a response to Movant Defendants' motion, as required by the Court's November 20, 2018 Order or any assertion as to the validity of service, the Court can consider only the Movant Defendants' allegations concerning service.

The Clerk of Court notified Plaintiff regarding the absence of proof of service on the Court's docket on September 10, 2018. Order, ECF No. 7. Shortly thereafter, Plaintiff filed Affidavits of Service purporting to have served personally Renee Sallit, the Pennsylvania Department of Education, Siegfried Elementary School, Joseph S. Kovalchick, and Cyntihia Cora Hoch Snyder. Aff. of Serv., ECF No. 8. This allegedly was Plaintiff's second attempt at service. *See* Supp. Br., 7-8, ECF No. 11-1. Contrary to Plaintiff's Affidavits of Service where he indicated that "[he] left the summons at the individual's residence or usual place of abode with front desk, a person of suitable age and discretion who resides there, on 7/16/18, and mailed a copy to the individual's last known address," *see* Aff. of Serv., Plaintiff allegedly attempted service both times by mailing an envelope addressed to "Pennsylvania Dept of ED, Siegfried El School" or "Siegfried Elementary School," respectively. *See* Sallit Aff. Ex. A-B, ECF No. 11-1. Regardless of whose version of events is correct, Plaintiff has not made valid service. On both occasions, the envelopes included only summonses; no copies of the complaint were included, *see* Supp. Br., 7, which is in violation of Federal Rule of Civil Procedure 4(c)(1). If in fact Plaintiff personally served the Movant Defendants as his Affidavits of Service state, Plaintiff also violated Federal Rule of Civil Procedure 4(c)(2) by attempting to effect service personally. *See* Aff. of Serv. (listing Plaintiff's name as the server for each proof of service). Thus, the Court finds that Plaintiff has not yet effectuated valid service of process upon the Movant Defendants.

Because dismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained, *see Umbenhauer*, 969 F.2d at 30, and, as explained below, the

Court is granting Plaintiff's request for an extension of time to serve Siegfried Elementary School and the Pennsylvania Department of Education, the Court concludes that a reasonable prospect that service may yet be obtained exists. Therefore, the Movant Defendants' motion to dismiss the complaint for insufficiency of service of process is denied, the Movant Defendants' motion to quash Plaintiff's Affidavits of Service is granted, Plaintiff's Affidavits of Service are quashed, and Plaintiff is directed to effect service of the summons and complaint on each of the Movant Defendants in accordance with the Federal Rules of Civil Procedure no later than May 15, 2019. This will be Plaintiff's final opportunity to effect service.[5]

### B. Plaintiff's Motion for Extension of Time and Appointment of Counsel

On December 13, 2018, in response to the Court's November 8, 2018 Order directing Plaintiff to properly serve Siegfried Elementary School and the Pennsylvania Department of Education and file proof of service, Plaintiff requested an extension of time to serve Siegfried Elementary School and the Pennsylvania Department of Education and for appointment of counsel. The Court considers these requests now.

#### 1. Extension of Time

Rather than complying with the Court's Order directing Plaintiff to properly serve Siegfried Elementary School and the Pennsylvania Department of Education, Plaintiff has

---

[5] The Movant Defendants also move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, for a more definite statement pursuant to Federal Rule of Civil Procedure Rule 12(e). But, "personal jurisdiction must be established in every case before a court has power to render any judgment," *Lampe*, 952 F.2d at 700, and the complaint and summons have not been properly served upon the Movant Defendants. Therefore, the Court cannot proceed to consider the motion to dismiss Federal Rule of Civil Procedure 12(b)(6), or in the alternative, for a more definite statement pursuant to Federal Rule of Civil Procedure Rule 12(e). *See id.* at 701 ("Effective service of process is therefore a prerequisite to proceeding further in a case.").

requested an extension of time to complete service.

Federal Rule of Civil Procedure 4(m) proscribes a time of 90 days for a plaintiff to effect service. The rule provides "if a defendant is not served within ninety days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant." Fed. R. Civ. P. 4(m). But, if the plaintiff shows good cause for the failure, "the court must extend the time for service for an appropriate period." *Id*. The United States Court of Appeals for the Third Circuit instructs district courts to perform a two-step inquiry to determine whether the grant of an extension of time in which to serve is proper. *McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 196 (3d Cir. 1998). First, a court must determine whether good cause exits for the failure to effect service in a timely manner. *Id.* If good cause exits, the court must grant the request. *Id*. Where there is not good cause, the court may grant the extension of time in its discretion. *Id*.

In determining whether good cause exists, courts consider three factors: "(1) the reasonableness of plaintiff's efforts to serve; (2) whether the defendant is prejudiced by the lack of timely service; and (3) whether the plaintiff moved for an enlargement of time to serve." *Bailey v. Harleysville Nat'l Bank & Tr. Co.*, No. 04-cv-1541, 2005 U.S. Dist. LEXIS 1025, at *3 (E.D. Pa. Jan. 26, 2005) (quoting *Steele v. HCI Direct*, No. 02-cv-4347, 2004 U.S. Dist. LEXIS 14595, at *3 (E.D. Pa. July 27, 2004)).

The Court finds that good cause exists here, even though Plaintiff's efforts to serve all Defendants have been non-compliant with the Rules of Civil Procedure.[6] The Court also notes that it has extended already the time to serve and Plaintiff has offered no reason for his initial

---

[6] Even without good cause, the Court would be inclined to exercise its discretion to grant an extension of time because of Plaintiff's pro se status. *See Traguth*, 710 F.2d at 95.

delay. The record indicates further that Plaintiff only attempted service two times, both times by mailing an envelope addressed to "Pennsylvania Dept of ED, Siegfried El School" or "Siegfried Elementary School," and including only summonses, not the complaint as required. *See* Sallit Aff. Ex. A-B. As explained above, this attempt at personal service does not satisfy Federal Rule of Civil Procedure 4. While these factors weigh against a finding of good cause, Plaintiff has requested an extension of time to complete service and indicated his failure to comply with the Court's November 8, 2018 Order was the result of the Order being mixed in another person's mail. Further, the Court gives Plaintiff greater leeway as a pro se litigant. Therefore, the Court will grant Plaintiff's request. Plaintiff shall effect service of the summons and complaint no later than May 15, 2019. This will be Plaintiff's final opportunity to effect service.

   2. **Appointment of Counsel**

Plaintiff also renews his request for appointment of counsel. The Court denied Plaintiff's previous request without prejudice because it was unable to determine whether Plaintiff's case had arguable merit or whether the *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993), factors weighed in favor of appointment. *See* Order, ECF No. 6. The Court also explained that Plaintiff had not shown an inability to retain counsel on his own behalf. *Id.*

In this renewed request, Plaintiff addresses only his attempts to retain counsel. He states, "[i]t has been challenging and difficult to even get attorneys to take the case even after hearing details and stating that they believe a case exists." Pl.'s Mot., ECF No. 14. Besides this statement, Plaintiff provides no additional details to alter the Court's previous analysis and does not demonstrate why the Court should determine that his case had arguable merit or the *Tabron* factors weigh in favor of appointment. Without additional evidence (1) satisfying the threshold question of whether the case has some arguable merit in fact and law and (2) demonstrating that

the *Tabron* factors weigh in favor of appointment of counsel, the Court finds that appointment of counsel is not warranted in this matter. If future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon Plaintiff's motion.

## V.     CONCLUSION

For the reasons stated above, the Movant Defendants' motion to dismiss is granted in part and denied in part. Plaintiff's motion is granted in part and denied in part. Plaintiff's Affidavits of Service are quashed, and the Court directs Plaintiff serve all Defendants in accordance with the Federal Rules of Civil Procedure no later than May 15, 2019. This will be Plaintiff's final opportunity to effect service. Failure to comply with this opinion may result in the Court dismissing his complaint with prejudice.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge