UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| MAURICE MUHAMMAD, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 5:18-cv-02647 |
| | : | |
| PENNSYLVANIA DEPARTMENT OF | : | |
| EDUCATION; | : | |
| SIEGFRIED ELEMENTARY SCHOOL | : | |
| NORTHAMPTON PA; | : | |
| RENEA SALITT, *(School Administrator)* | : | |
| *Principal*;[1] | : | |
| CYNTHIA CORA HOCH SNYDER, | : | |
| *(School Admin 2nd Gr Teacher)*;[2] | : | |
| JOSEPH S. KOVALCHIK, *(Super* | : | |
| *Intendant)*; | : | |
| SCHOOL COUNSELORS; | : | |
| BLAKE LAST NAME UNKNOWN, | : | |
| *(Student)*; and | : | |
| PARENTS OF BLAKE STUDENT, | : | |
| *(Unknown)*, | : | |
| Defendants. | : | |
| | : | |

# **O P I N I O N**

**Defendants' Motion to Dismiss, ECF No. 20 — Granted in Part and Denied in Part as Moot**

**Joseph F. Leeson, Jr.**                                                                                    **October 1, 2019**
**United States District Judge**

## I.     INTRODUCTION

A grandfather to an elementary school child presented this action pro se against his granddaughter's school, the Pennsylvania Department of Education, school employees, a fellow student, and the parents of that student based on "harassment," "intimidation," and "threats"

---

[1]     The correct spelling of this Defendant's name is Renee Sallit.
[2]     The correct spelling of these two Defendants' names are Cynthia Hoch and Cora Snyder.

towards his granddaughter. The complaint appears to allege a general claim for civil rights violations. The school employees have moved to dismiss the complaint for insufficient service of process, for failure to state a claim, for lack of subject matter jurisdiction, or, in the alternative, for a more definitive statement. For the reasons set forth below, the school employees' motion to dismiss is granted in part and denied in part as moot, and the complaint is dismissed.

## II. BACKGROUND[3]

### A. Factual Background

Muhammad filed this civil action using the general, non-prisoner, pro se form complaint provided by the Eastern District of Pennsylvania through its website. He alleges the events giving rise to his claims occurred at the Siegfried Elementary School in Northampton, Pennsylvania, from September 2017 to October 2017.[4] Muhammad's complaint does not identify the basis for the Court's jurisdiction or enumerate a specific cause of action against Defendants. The entirety of Muhammad's factual allegations are as follows:

> The above defendants did willfully Deny [sic] My [sic] Grandaughter [sic] ZP the right to peaceful and safe Learning [sic] Enviornment, [sic] by allowing for another student to, to [sic] continue to harass threaten, and intimidate ZP after repeated attempts to resolve the problem, race being a major factor, because of her race ZP was not taken as serious and not considered as others Involved [sic] were, ZP was Traumatized [sic] by the event. [sic] It caused her to be punished by her mother, which led to Children [sic] in youth being involved, we have had to take cust. [sic] To prevent further harm from happening [sic]
>
> [Renee Sallit] was informed and did not act in a manner to protect ZP [sic] Cynthia Hoch did not Protect [sic] ZP from said student Blake last name unknown, the super intendant [sic] did nothing to protect the black student from the threats of a white

---

[3] The background information in this section is taken from the complaint and is set forth as if true solely for the purpose of analyzing the pending motion to dismiss. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

[4] Muhammad states in his complaint that the events giving rise to his claims occurred between September and October 2018 even though he filed his complaint in June 2018. An exhibit attached to the complaint refers to events in October 2017. The Court therefore assumes Muhammad meant to allege the events took place between September and October 2017.

student who touched her inappropriatly, [sic] and made her faerfull [sic]for her life, [sic]

Further the school counclers [sic] did not do they [sic] part in the matter

another [sic] 2nd Grade [sic] student witnessed the student blake [sic] strike student ZP with a book bag and Teacher [sic] brushed it off as Quote: [sic] (That student will say yes to anything if asked) [sic]

Compl. 3, ECF No. 2.

### B. Procedural Background

On June 22, 2018, Muhammad filed his complaint, an application to proceed *in forma pauperis*, and a motion to appoint counsel. On June 28, 2018, the Court denied his motion to proceed *in forma pauperis* and directed him to complete the non-prisoner application to proceed *in forma pauperis* or pay $400.00 to the Clerk of Court. Muhammad paid the filing fee and summonses were issued and handed to Muhammad on July 9, 2018. The Court denied Muhammad's motion to appoint counsel without prejudice on August 14, 2018.

The Clerk of Court issued a notice to Muhammad regarding the absence of proof of service on the Court's docket on September 10, 2018. The notice directed Muhammad to promptly file proof of service pursuant to Federal Rule of Civil Procedure 4 or to promptly serve Defendants and file proof of service with the Clerk of Court. Seven days later, on September 17, 2018, Muhammad filed affidavits of service purporting to have served personally Renee Sallit, the Pennsylvania Department of Education, Siegfried Elementary School, Joseph S. Kovalchick, and Cynthia Cora Hoch Snyder.

Thereafter, defendants Renee Sallit, Cynthia Hoch, Cora Snyder, Joseph S. Kovalchik, and the unidentified School Counselors ("Movant Defendants") moved to dismiss the complaint or, in the alternative, for the affidavits of service to be quashed or for a more definite statement. Muhammad did not respond to this motion and on November 20, 2018, the Court directed

3
100119

Muhammad to file a response in opposition to the motion no later than December 5, 2018. Muhammad did not comply with that Order and no response was filed.

On November 8, 2018, the Court also directed Muhammad to properly serve Siegfried Elementary School and the Pennsylvania Department of Education pursuant to Federal Rule of Civil Procedure 4 and file proof of service for those entities within thirty days. The Court warned Muhammad that failure to comply with the Order may result in the Court dismissing claims against Siegfried Elementary School and the Pennsylvania Department of Education pursuant to Federal Rule of Civil Procedure 4(m). Three days after the thirty-day period had passed, Muhammad requested: (1) an extension of time to serve Siegfried Elementary School and the Pennsylvania Department of Education and (2) appointment of counsel.

The Court granted Movant Defendants' motion to dismiss for improper service and quashed Muhammad's affidavits of service on April 10, 2019. The Court denied the Movant Defendants' remaining claims. In the same order, the Court granted Muhammad's motion for an extension of time to serve Siegfried Elementary School and the Pennsylvania Department of Education but denied his request for appointment of counsel. The Court forewarned Muhammad his failure to comply may result in the dismissal of his complaint with prejudice without further notice.

On May 14, 2019, Muhammad filed affidavits of service purporting to have served Movant Defendants. According to the motion, Robert Merrit, Muhammad's process server, entered the Northampton Area School District administration building and left a summons and complaint intended for Joseph S. Kovalchik. That same day, Merrit entered the Siegfried Building of the Northampton School District and left four sets of summons and complaints. Merrit stated he was serving "Renea [sic] Sallit, Cynthia Hock, Cora Snyder, Siegfried

Elementary School, two (2) unnamed School Counselors, and 'Blake Student.'" Mot. Dismiss, Ex. D., ECF No. 20-1. Renee Sallit notified Merrit that Snyder no longer worked for the district, Siegfried Elementary School no longer existed, and there was no Blake Student; but, it does not appear that there was any other attempt to effectuate service. Movant Defendants filed the instant motion on June 4, 2019. After the deadline to oppose the motion had passed, the Court, in an order dated July 1, 2019, instructed Muhammad to file a response by July 19, 2019 and that failure to comply may result in a dismissal of his case. There has been no further activity on the docket since that time.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(5) allows a court to dismiss a complaint for "insufficient service of process." Fed. R. Civ. P. 12(b)(5). The party making the service and asserting its validity bears the burden of demonstrating that service was proper. *Grand Entm't Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993); *see also White v. Green*, No. 09-cv-1219, 2009 U.S. Dist. LEXIS 92999, 2009 WL 3209647, at *2 (E.D. Pa. Oct. 6, 2009) ("In resolving a motion under Rule 12(b)(5), the party making the service has the burden of demonstrating its validity when an objection to service has been made.") (quotation omitted), *aff'd*, 382 F. App'x 199 (3d Cir. 2010).

### IV. ANALYSIS

The Movant Defendants move to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6). In the alternative they move for the Court to order a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). Before considering the adequacy of Muhammad's allegations for purposes of deciding the Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) challenge, the Court must first address the Movant Defendants'

motion under Federal Rule of Civil Procedure 12(b)(5) raising insufficient service of process. Because Muhammad has failed to properly serve the Movant Defendants, the Court has no jurisdiction over them and the case may not proceed against them. The Court grants the Movant Defendants' motion to dismiss the complaint for insufficient service of process but denies Movant Defendants' remaining motions as moot.

"A court obtains personal jurisdiction over the parties when the complaint and summons are properly served upon the defendant." *Lampe v. Xouth, Inc.*, 952 F.2d 697, 701 (3d Cir. 1991). "A court has no jurisdiction over a defendant who has not been properly served." *United States ex rel. Thomas v. Siemens AG*, 708 F. Supp. 2d 505, 516 (E.D. Pa. 2010) ("In the absence of such service (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant.") (citing *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 347 (1999)); *see also Lampe*, 952 F.2d at 700 ("It is an elementary requirement that personal jurisdiction must be established in every case before a court has power to render any judgment") (citing *Ins. Corp. of Ir. v. Compagnie Des Bauxites De Guinee*, 456 U.S. 694, 702 (1982)). Consequently, if Muhammad has failed to properly serve the Movant Defendants, the Court has no jurisdiction over them, and the case may not proceed against them. *See Lampe*, 952 F.2d at 700-01 ("Effective service of process is therefore a prerequisite to proceeding further in a case."). Where service is not proper, the Court has broad discretion to dismiss the case or retain the case but quash service. *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992). When there is a "reasonable prospect" that service may be obtained, dismissal of the complaint is "inappropriate." *Id*.

Courts liberally construe the pleadings and the complaints of pro se plaintiffs and grant pro se litigants some degree of leniency, *see Erickson v. Padus*, 551 U.S. 89, 94 (2007), but, pro

se plaintiffs must still comply with the same rules of procedure and the substantive law required by counseled parties. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). Reflecting the Supreme Court's guidance on this matter, the United States Court of Appeals for the Third Circuit has dismissed pro se complaints where the plaintiff failed to abide by the Federal Rules. *See Ideen v. Straub*, 613 F. App'x 117, 119 (3d Cir. 2015); *Mathies v. Silver*, 266 F. App'x 138, 140 (3d Cir. 2008); *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 570 (3d Cir. 1996); *see also Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (explaining that pro se litigants "still must serve process on the correct defendants").

Under Federal Rule of Civil Procedure 4(c), a plaintiff is responsible for serving each defendant with the summons and a copy of the complaint, and service may be effectuated by any person who is at least eighteen years old and not a party. Fed. R. Civ. P. 4(c)(1)-(2); *see also Kornea v. J.S.D. Mgmt.*, 336 F. Supp. 3d 505, 510 (E.D. Pa. 2018) ("There is no exception for [the rule requiring service of original process to be accomplished by an adult who is not a party to the action] for service effectuated via mail or when the plaintiff is pro se."). Service of process also must be effected within ninety days of filing a complaint. Fed. R. Civ. P. 4(m). "[T]he party asserting the validity of service bears the burden of proof on that issue." *Grand Entm't Grp.*, 988 F.2d at 488. Pro se plaintiffs are responsible for timely effecting service of summonses and complaints on defendants because "[a]t the end of the day, they cannot flout procedural rules— they must abide by the same rules that apply to all other litigants." *Mala*, 704 F.3d at 245.

A pro se plaintiff who serves a summons on multiple defendants individually without placing the defendants' names on the summons has not made proper service. *Robinson v. Philip*

*Morris USA, Inc.*, No. 18-1743, 2019 U.S. Dist. LEXIS 69013, 2019 WL 1787637, at *6 (E.D. Pa. April 22, 2019). Moreover, "[i]f there are multiple defendants, the plaintiff may serve issuance of a summons for each defendant, or may serve copies of a single original bearing the names of multiple defendants if the addressee of the summons is effectively identified." Fed. R. Civ. P. 4(b), Advisory Committee Note, 1993 Amendments.

Movant Defendants allege, and the summons attached to the motion to dismiss confirms, that the summons purportedly served on Defendants do not bear the name of any Defendant in the address section of the summons. *See* Mot. Dismiss, Ex. A. Without a response to Movant Defendants' motion, as required by the Court's July 1, 2019 Order or any assertion as to the validity of service, the Court can consider only the Movant Defendants' allegations concerning service.

Accordingly, the evidence presented establishes Muhammad failed to serve Movant Defendants in a proper fashion. Specifically, Muhammad failed to state Movant Defendants' names on the summonses. *See* Mot. Dismiss, Ex. C, Ex. D. Thus, the Movant Defendants did not receive proper notice of the instant suit. *See Robinson*, 2019 U.S. Dist. LEXIS 69013, 2019 WL 1787637, at *6.

While the Court is mindful of Muhammad's pro se status and his lack of legal expertise, Muhammad has a duty to ensure he properly serves Movant Defendants in accordance with the Federal Rules of Civil Procedure. *See Mala*, 704 F.3d at 245. Furthermore, this Court in its April 10, 2019 opinion warned Muhammad his final opportunity to effect service would be before the May 15, 2019 deadline. Muhammad failed to heed the Court's warning. Resultantly, the Movant

8
100119

Defendants' motion to dismiss the complaint for insufficiency of service of process is granted, the Movant Defendants' remaining motions are denied as moot.[5]

## V. CONCLUSION

For the reasons stated above, the Movant Defendants' motion to dismiss for insufficiency of service is granted. The remaining motions are denied as moot. A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[5] The Movant Defendants also move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), or in the alternative, for a more definite statement pursuant to Federal Rule of Civil Procedure Rule 12(e). But, "personal jurisdiction must be established in every case before a court has power to render any judgment," *Lampe*, 952 F.2d at 700, and the complaint and summons have not been properly served upon the Movant Defendants. Therefore, the Court cannot proceed to consider the motion to dismiss Federal Rule of Civil Procedure 12(b)(6), or in the alternative, for a more definite statement pursuant to Federal Rule of Civil Procedure Rule 12(e). *See id.* at 701 ("Effective service of process is therefore a prerequisite to proceeding further in a case.").